UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
MARITZA SOSTRE, for herself and as mother and
natural guardian of Ashley Sostre, Aramis James
Sostre and Miranda Sostre, MARGARITA
CINTRON and ARAMIS SOSTRE,

            MEMORANDUM OPINION
       Plaintiff(s),      and ORDER

  -against-          CV 06-0320 (LDW) (ETB)

COUNTY OF SUFFOLK, et al.,

       Defendant.
----------------------------------------------------------------------X

Facts

The search warrant herein was granted to the Suffolk County Police Department based on supporting affidavits provided to the Suffolk County District Court by Detective John Newton and by a confidential informant who had participated personally in a controlled drug buy at the home of the plaintiff, Aramis Sostre. (Pl. Ex. C.) The district court found that the evidence presented by Detective Newton provided sufficient probable cause for the issuance of the warrant. (Id.) The warrant authorized officers of the Suffolk County Police Department to conduct a search of the entire premises at 40 Doolittle Street in Brentwood, New York - the plaintiffs' residence. (Id.)

The warrant application, as well as the accompanying affidavit of the confidential informant, present evidence of a controlled drug buy at the plaintiffs' home at 40 Doolittle Street on the day before the warrant was issued. (Pl. Ex. D.) The warrant authorizes a search of the premises for:

 Cocaine, U.S. currency as proceeds of the illicit drug business, books and

-1-

> records reflecting transactions of the illicit drug business, drug paraphernalia, including items for the storage, packaging and weighing of Cocaine, and indicia of knowing possession, ownership or control of the premises or of the contraband, including but not limited to bills, receipts and other personal effects indicating such ownership, knowledge or control.

(Pl. Ex. C.) On January 25, 2003, Detective Newton and other officers from the Suffolk County Police Department searched the plaintiffs' residence at 40 Doolittle Street. (Pl. Mem. at 2-3.) During the search, the officers seized a chuka stick found in a clothing closet within the premises. (Pl. Mem. at 2.) The chuka stick constitutes contraband, see New York Penal Law § 265.01(1), for which plaintiff was arrested and prosecuted in the state court.

The plaintiffs seek an order declaring the search in violation of the Fourth Amendment, because the seizure of the chuka stick, not named in the search warrant or the application, rendered the seizure the product of a general search. Alternatively, apparently because no drugs or drug-related items were found, plaintiffs request a hearing, pursuant to Franks v. Delaware, 438 U.S. 152 (1978), as to the falsity of the supporting affidavit(s).

## Discussion

Plaintiffs' claim is based on the particularity requirement of the Fourth Amendment, which provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. CONST. Amend. IV. The standard of probable cause is met when there is "a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 238 (1983).

The "fair probability standard" requires that a judge decide whether the events leading up

to the search, "viewed from the standpoint of an objectively reasonable police officer," meet the probable cause standard. Ornelas v. United States, 517 U.S. at 690, 696 (1996); see also United States v. Watson, 423 U.S. 411 (1976). Facts to support probable cause arise from an officer's observations, utilizing his experience and/or training to draw reasonable inferences. See Texas v. Brown, 460 U.S. 730, 742 (1983) (holding that there is sufficient probable cause to arrest when an experienced police officer, aware that drugs were often moved in party balloons, inferred that a balloon in plain view contained narcotics). Information from a reliable and known informant also supports a finding of probable cause. See United States v. Smith, 9 F.3d 1007, 1013 (2d Cir. 1993) (holding that probable cause existed for the issuance of a warrant to search defendant's apartment after officer conducted a controlled buy with the assistance of an informant).

The warrant requirement is satisfied when an impartial judicial officer finds that the police have probable cause to conduct a search. See Terry v. Ohio, 392 U.S. 1, 20 (1968) ("[P]olice must, whenever practicable, obtain advance judicial approval of searches and seizures through the warrant procedure."). The judicial officer must take into account the facts and circumstances within the warrant application and the supporting affidavit. See FED. R. CRIM. P. 41 (providing that a sworn affidavit, usually completed by an investigating police officer, must establish grounds for the issuance of a search or arrest warrant). A magistrate's decision to issue a warrant is afforded a large degree of deference. See Ornelas, 517 U.S. at 698.

A search conducted by officers will be deemed invalid when the warrant authorizing such a search "fails to conform to the particularity requirement of the Fourth Amendment . . . ." Groh v. Ramirez, 540 U.S. 551, 559 (2004) (citing Stanford v. Texas, 379 U.S. 476 (1965)). Thus,

"[[t]he Fourth Amendment requires that the warrant particularly describe the things to be seized . . . ." Groh 540 U.S. at 557 (citing United States v. Stefpmel, 179 F.3d. 1030, 1033 (7th Cir. 1999)). The particularity requirement of the Fourth Amendment provides a limit on police power to safeguard an individual's privacy against "wide-ranging exploratory searches . . . ." Maryland v. Garrison, 480 U.S. 79, 84 (1987). The Fourth Amendment requires that the actions taken by the police during the search be related to the objectives of the intrusion. See Wilson v. Layne, 526 U.S. 603, 604 (1999).

The supporting affidavits for the search warrant submitted by Detective Newton satisfy the probable cause standard of the Fourth Amendment. The state district court judge was presented with sufficient evidence to conclude that there was a fair probability that contraband or evidence of cocaine distribution could be found at 40 Doolittle Street. Detective Newton's affidavit was based upon his personal investigation and participation through a confidential informant in a controlled buy at the subject premises. (Id. ¶ 4.) The controlled buy resulted in the confidential informant purchasing cocaine from Aramis Sostre at 40 Doolittle Street on the day before the warrant was issued. (Id.; Pl. Ex. D.) This evidence satisfies the probable cause requirement.

The warrant also satisfies the particularity requirement of the Fourth Amendment. Not only are the premises identified by address, location, and appearance, but the items sought in the search are specifically delineated in the search warrant. (Pl. Ex. C.) The search warrant particularized the items sought as items related to drug distribution. The failure to anticipate the presence of other contraband here in the form of the chuka stick is not a legal defect and does not render the search unreasonable under the Fourth Amendment.

Evidence will not be suppressed due to a lack of specific particularity with respect to an item seized if the actions taken by the police do not resemble a general search. See Liu, 239 F.3d at 140. The coat closet in which the officers found the chuka stick was reasonably within the scope of the officers' search for drugs and drug-related paraphernalia, authorized under the terms of the warrant. The Supreme Court has held that "the seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming that there is probable cause to associate the property with criminal activity." Payton v. New York, 445 U.S. 573, 587 (1980).

"[I]f police are lawfully in a position from which they view an object, if its incriminating character is immediately apparent, and if officers have a lawful right of access to the object, they may seize it without a warrant." United States v. Graziano, No. 07-CR-0508, 2008 U.S. Dist. LEXIS 22408, at *11(E.D.N.Y. Mar. 20, 2008). The chuka stick constitutes contraband under New York Penal Law: "a person is guilty of criminal possession of a weapon in the fourth degree when: (1) he possesses any firearm, electronic dart gun, electronic stun gun, gravity knife [or] *chuka stick* . . . ." N.Y. PENAL § 265.01. Since the officers had authority to search plaintiffs' closet to search for items associated with drug distribution, they likewise had authority to seize the chuka stick when seen while performing the search. See Graziano, 2008 U.S. Dist. LEXIS, at *11 (holding that "the officers were permitted to search the closet for gambling records that could be seized pursuant to the warrant and, when they observed these weapons in plain view during such search, the officers were authorized to seize them").

Accordingly, the officers had the legal right to seize the chuka stick as contraband, and this seizure is reasonable under the Fourth Amendment.

Lastly, plaintiffs' request an evidentiary hearing, pursuant to Franks v. Delaware, 438 U.S.

154 (1978). Plaintiffs seek a hearing to determine the veracity of the allegations set forth in the affidavits in support of the search warrant. The plaintiffs appear to be laboring under the mistaken belief that the probable cause requirement for issuance of a search warrant is a guarantee that the searched for items will be found in the premises at the time of the search. This is no such guarantee or requirement. Moreover, in order to obtain a <u>Franks</u> hearing, the party seeking such relief must first make a substantial preliminary showing that the sworn statement supporting the warrant is either deliberately false or demonstrates a reckless disregard for the truth. (<u>Id.</u> at 155-56.) In addition, the movant must show that the challenged statement, assuming its falsity, was essential - and not merely incidental - to the issuing judge's finding of probable cause. (<u>Id.</u> at 155-56, 171-72.) The present application is devoid of any such showing and, accordingly, the requisite predicate for such a hearing is absent.[1]

### Conclusion

For the foregoing reasons, the plaintiffs' motion to declare the search warrant invalid, and to hold a <u>Franks</u> hearing, is denied.

The parties shall file a list of witnesses and exhibits to be used at trial, consistent with Judge Wexler's individual rules, by October 17, 2008.

A final conference shall be held with the undersigned on October 20, 2008 at 1:30 p.m. by telephone. Plaintiffs' counsel shall initiate the call and have all counsel on the line before connecting the court. The conference call should be made through the teleconference operator

---

[1] The parties do not address the question of whether <u>Franks</u> relief is available in a 1983 civil rights action, especially where there was no effort to obtain such relief in the underlying criminal prosecution. Since the resolution of this question is not necessary in this action, for the reasons set forth above, I merely assume, <u>arguendo</u>, the application of <u>Franks</u> herein.

provided by your long-distance service (e.g., AT&T, MCI, Sprint).


SO ORDERED:

Dated: Central Islip, New York
       September 11, 2008


                                             /s/ E. Thomas Boyle
                                             E. THOMAS BOYLE
                                             United States Magistrate Judge